23-7087-ag
*NLRB v. John Gore Theatrical Grp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>CORRECTED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-four.

PRESENT:     DENNIS JACOBS,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             JOHN P. CRONAN,
                  *District Judge*.[*]

_____

NATIONAL LABOR RELATIONS BOARD,

    *Petitioner*,

      v.                                                   No. 23-7087-ag

JOHN GORE THEATRICAL GROUP, INC.,

    *Respondent*.

_____

---

[*] Judge John P. Cronan of the United States District Court for the Southern District of New York, sitting by designation.

FOR PETITIONER: KELLIE ISBELL (Milakshmi V. Rajapakse, Supervisory Attorney; Brady J. Francisco-Fitzmaurice, Attorney; Jennifer A. Abruzzo, General Counsel; Peter Sung Ohr, Associate General Counsel; Ruth E. Burdick, Deputy Associate General Counsel; David Habenstreit, Assistant General Counsel, *on the brief*), National Labor Relations Board, Washington, D.C.

FOR RESPONDENT: HENRIQUE N. CARNEIRO, Proskauer Rose LLP, New York, NY (Mark Theodore, Proskauer Rose LLP, Los Angeles, CA, *on the brief*).

On application for enforcement of a decision and order of the National Labor Relations Board. **UPON DUE CONSIDERATION,** the application for enforcement is **GRANTED**.

The National Labor Relations Board ("NLRB" or "the Board") seeks enforcement of its July 31, 2023, decision and order finding that John Gore Theatrical Group, Inc., ("Gore") violated Sections 8(a)(l) and 8(a)(5) of the National Labor Relations Act (the "Act") by refusing to comply with information requests made by Actors' Equity Association ("AEA"), and ordering Gore to comply with those requests. *See John Gore Theatrical Grp.,* 372 N.L.R.B. No. 114, 2023 WL 4888343 (July 31, 2023). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to grant the Board's application for enforcement.

In July 2021, AEA notified Gore that it was investigating whether Gore had violated the terms of their collective-bargaining agreement by diverting covered

2

productions to a third party that was not a party to that agreement. As part of the investigation, AEA formally requested certain information concerning Gore's relationship with the third party. After repeatedly missing deadlines to respond to AEA's information requests, Gore ultimately refused to provide some of the requested information, withholding it on the basis of confidentiality concerns. AEA filed an unfair-labor-practice charge with the NLRB, and the Board ordered Gore to comply with AEA's requests. The Board now seeks enforcement of its order.

> Our review of NLRB decisions

> is quite limited. We must enforce the Board's order where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole. As to legal conclusions, we must give the Board considerable deference and afford the Board a degree of legal leeway. And as to factual conclusions, remand is warranted if, after looking at the record as a whole, we are left with the impression that no rational trier of fact could reach the conclusion drawn by [the] Board.

*HealthBridge Mgmt., LLC v. N.L.R.B.*, 902 F.3d 37, 43 (2d Cir. 2018) (citations and quotation marks omitted).

Section 8(a)(5) of the Act requires an employer "to bargain collectively with the representatives of [its] employees." 29 U.S.C. § 158(a)(5). An employer's obligation to bargain collectively requires the employer to "provide information that is needed by the bargaining representative for the proper performance of its duties." *N.L.R.B. v. Acme Indus. Co.*, 385 U.S. 432, 435-36 (1967). "[B]ecause the bargaining-unit representative is obliged to prosecute the grievances of its members, an employer must provide all information relevant to the processing of those grievances." *N.L.R.B. v. N.Y. Tel. Co.*, 930 F.2d 1009, 1011 (2d Cir. 1991).

3

"A union's bare assertion that it needs information to process a grievance does not automatically oblige the employer to supply all the information in the manner requested." *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 314 (1979). "[A]n employer may sometimes refuse access to relevant information for reasons of confidentiality," *Olivetti Off. U.S.A., Inc. v. N.L.R.B.*, 926 F.2d 181, 188 (2d Cir. 1991), but only *after* it has established that its confidentiality concerns are "legitimate and substantial." *Detroit Edison Co.*, 440 U.S. at 315. To allow an employer to withhold relevant information pending accommodative bargaining, "the union's right to relevant information [must be] outweighed by the employer's legitimate claim to confidentiality. The burden is on the employer to establish by more than conclusory assertions that relevant information should not be revealed to the union." *Olivetti Off.*, 926 F.2d at 189 (citation omitted); *see also Crozer-Chester Med. Ctr. v. N.LR.B.*, 976 F.3d 276, 293 (3d Cir. 2020) (An employer "must offer to accommodate" the union. (citation and quotation marks omitted)).

Gore does not dispute that the requested information is relevant to AEA's attempt to determine whether Gore was diverting productions in violation of the collective-bargaining agreement. The Board thus properly concluded that AEA was immediately entitled to the requested information unless Gore established a legitimate and substantial confidentiality interest that outweighed AEA's need for the information. Affording the Board the deference required, we find no error in its determination that Gore failed to meet this burden.

Gore initially claimed that one category of requested information was confidential because the information was "covered by confidentiality agreements with other entities,"

and that another category was confidential because it "is not within the public domain and is held confidential." App'x at 321-22, 324. Gore now contends that all of the information sought is "inherently sensitive"[1] because the information is "proprietary" and "sensitive information of competitive significance." Respondent Br. at 12-13. But Gore fails to explain *why* the information is inherently sensitive, proprietary, or of competitive significance. Conclusory statements such as these are not enough to establish a legitimate and substantial confidentiality interest. *See Olivetti Off.*, 926 F.2d at 189; *Lasher Serv. Corp.*, 332 N.L.R.B. 834, 834 (2000) ("[T]he Respondent must *establish* confidentiality as a defense, not merely raise a naked confidentiality claim.").

The third-party confidentiality agreements relied upon by Gore provide no support to its arguments, because the Board reasonably concluded that they do not cover the information sought: the first category of information is outside the scope of the agreements, and Gore never argued that the second category is within the scope of the agreements. Thus, the agreements do not help Gore establish a legitimate and substantial confidentiality interest in any of the requested information. Furthermore, as the Administrative Law Judge ("ALJ") noted, "a third-party confidentiality agreement alone

---

[1] The Board found that this argument was untimely because it was not raised before the ALJ but, reaching the merits, also concluded that Gore's conclusory allegations were insufficient to establish a legitimate and substantial confidentiality interest. Because we agree that, even considering the potentially untimely argument, Gore has not met its burden, we need not address Gore's argument regarding the Board's untimeliness finding.

is insufficient to create a legitimate and substantial confidentiality interest." *John Gore Theatrical*, 2023 WL 4888343, at *3.[2]

Finally, Gore argues that AEA's alleged refusal to provide assurances that it would not publicize information disclosed by Gore supports its assertion of a confidentiality interest. This argument is unavailing.[3] Although Gore has cited cases holding that the provision of such assurances can *negate* a confidentiality interest, those cases do not suggest that the denial of such assurances can *create* a confidentiality interest that has not been independently established. Instead, our precedent indicates that when an employer proffers "nothing more than its own surmise to demonstrate that some of [the requested information] might be divulged to outside sources," substantial evidence will support the Board's finding that the employer lacks a legitimate and substantial confidentiality interest. *Olivetti Off.*, 926 F.2d at 188-89. That is the case here. Because Gore failed to establish, in the first instance, a legitimate and substantial confidentiality interest in the

---

[2] Indeed, were a private confidentiality agreement with a third party sufficient to justify withholding relevant information, an employer could defeat a union's right to obtain relevant information simply by entering into such voluntary agreements as to all of its matters. *See Crozer-Chester*, 976 F.3d at 294 ("[A]llowing employers to withhold relevant information on" the basis of confidentiality agreements "would allow private parties to undermine the NLRA's statutory scheme.").

[3] The ALJ's decision states that Gore "maintained that it would turn over" the information *not* covered by any confidentiality agreements if its concerns involving the information allegedly covered by the confidentiality agreements "were resolved." *John Gore Theatrical*, 2023 WL 4888343, at *3. If this is accurate, it undermines Gore's claim that it actually considered the information *not* covered by any third-party agreement to be confidential.

information sought, AEA had no obligation to provide assurances to Gore that it would nevertheless keep the information confidential.

For the foregoing reasons, the application for enforcement is **GRANTED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court